**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 5 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RICHARD W. BUTTON,

      Defendant-Appellant.

No. 97-2367
(D.C. No. CR-97-304-LH)
(New Mexico)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **BRORBY,** Circuit Judges.

Richard Button pled guilty under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) as a convicted felon unlawfully in possession of firearms. He was sentenced to thirty months imprisonment and two years supervised release. He appeals the district court's denial of his motion to suppress evidence, contending that the search warrant which led to the discovery of firearms at his home was not

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

supported by probable cause.  We affirm.

On May 1, 1997, United States Magistrate Judge Galvan issued a search warrant for Mr. Button's residence based on an affidavit DEA Special Agent James Baker submitted to him.  The affidavit described an ongoing drug trafficking conspiracy dating from 1989, with three drug seizures linked to Stephen Michael Pollack and those working with  Mr. Pollock.  Aplt. App., doc.  2 at 5-20.  In a drug raid related to Mr. Pollock's alleged conspiracy, the police found Mr. Button's phone number next to Mr. Pollock's in a confiscated notebook.  Id. at 16.  The affidavit also indicated that a cooperating source (CS2) had told agents Mr. Button was a courier of narcotics for Mr. Pollack.  Id. at 17.  Among other details, the source stated that Mr. Pollack's conspiracy involved drug trafficking in Alamogordo, New Mexico, and Durango, Colorado.  Id. at 16.  The affidavit showed police corroborated CS2's information by telephone records between Mr. Pollock and Mr. Button, agent surveillance of Mr. Button's car in Mr. Pollack's drive, information showing Mr. Button's residence in Alamogordo, New Mexico, and Mr. Pollack's residence in Durango, Colorado, and information provided by New Mexico state police that they had an informant who also said Mr. Button was a courier for Mr. Pollack.  Id. at 16-17, 20.

Agents executed the warrant at Mr. Button's residence on May 2, 1997, and seized a semi-automatic pistol and a rifle.  Mr. Button filed a motion to suppress

evidence seized during the search, asserting the underlying affidavit to the warrant was defective. The district court denied Mr. Button's motion. On August 8, 1997, Button entered a conditional plea of guilty and reserved his right to appeal the district court's denial of his motion to suppress.

We review whether a magistrate or judge properly issued a search warrant by determining whether there was a "substantial basis" for probable cause. Illinois v. Gates, 462 U.S. 213, 236 (1983).

> The task of the issuing magistrate is simply to make a practical common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

Id. at 238-39 (citations omitted). In making this determination, we view the totality of the evidence. United States v. Cusumano, 83 F.3d 1247, 1250 (10th Cir. 1996) (en banc).

While "probable cause does not demand the certainty we associate with formal trials," Gates, 462 U.S. at 246, we recognize that a magistrate or judge must rely on more than a "mere ratification of the bare conclusions of others," id. at 239. In particular, an affidavit containing only an informant's tip would be unsatisfactory. However, corroborating evidence is one way to cure the insufficiencies. Id. at 241-42.

In Gates, for example, the Supreme Court held that a corroborated anonymous letter was sufficient basis for a search warrant. Police surveillance showed the reliability of the informant's predictions on the Gates' car location in Florida, Lance Gates' flight to Florida, and his subsequent drive northward. The Supreme Court held that the added reliability sufficiently supported the magistrate judge's determination of probable cause for a search warrant. Id. at 244.

In the present case, Mr. Button contends that the underlying affidavit was defective because C2's information was not adequately corroborated, the totality of the evidence was primarily insufficient hearsay, and the reliance on his former 1989 conviction was stale evidence. We are not persuaded.

.       Mr. Button's case is similar to Gates. Special Agent Baker submitted an affidavit that contained C2's information and corroborating investigative work. C2 asserted a link between Mr. Pollack and Mr. Button. In support, the affidavit described telephone logs between the two and surveillance evidence of Mr. Button's car in Mr. Pollack's drive. C2 alleged that drug activity took place in Alamogordo, New Mexico, and Durango, Colorado. In corroboration, the affidavit presented evidence that Mr. Button lived in the first city and visited Mr. Pollack in the second. The affidavit also noted that Mr. Button's name and number were found next to Mr. Pollack's in a previous drug bust and that another informant had reported Mr. Button as a drug courier for Mr. Pollack.

In reviewing the record, we hold that the affidavit provided a range of sensibly connected evidence beyond bare conclusions and that the totality of the evidence supports a "substantial basis" for a search warrant.

For the reasons given above, we AFFIRM the district court's denial of the motion to suppress.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge